Hon. Gordon M. Ambach Commissioner New York State Department of Education
Your counsel has asked whether a town may enter into a contract with a county for the storage of town records in the county but outside the geographical boundaries of the town. In your letter you point out several potential advantages of such an arrangement.
 "Space in town offices devoted to the storage of records would be made available for other purposes. Records would in most cases be stored in a facility with better security and fire protection than towns currently have. Fast and efficient retrieval of records would be facilitated by modern records storage and retrieval techniques. Storage costs would be lower in many cases."
Section 30(1) of the Town Law requires that the town clerk have "custody of all the records, books and papers of the town". In our opinion, this language is to ensure that the town clerk is able to safeguard, preserve and make available town records in accordance with the requirements of law. While physical possession of town records may be useful in realizing these requirements, we do not view it as a condition under the statutory language. As you point out, under section 57.09 of the Arts and Cultural Affairs Law, the general rule is that public records are to be kept in the buildings in which they are ordinarily used, and arranged for convenient examination and referral. However, "[s]uch records may be stored in such other fire resistant and otherwise suitable place as may be approved for such purpose by the commissioner of education" (ibid.). When not in use public records are to be kept in vaults, safes or other fire resisting receptacles (ibid.).
Thus, in our view, town records may be stored outside town boundaries provided that their safety, quality, and availability are maintained as required by law. Of course, appropriate technology must be available for these purposes. Any arrangement for the storage of town records must preserve the role of the town clerk as the officer with custody of town records (Town Law, § 30[1]).
Article 5-G of the General Municipal Law authorizes municipalities to enter into agreements "for the performance among themselves or one for the other of their respective functions, powers, and duties" (§ 119-o[1]). We believe that under this grant of authority a town can agree with a county for the establishment of a records storage facility to meet the needs of both municipalities. A joint service under Article 5-G includes the extension of appropriate territorial jurisdiction necessary for such service (§ 119-h[c]).
This opinion supersedes 1978 Op Atty Gen (Inf) p 130.
We conclude that subject to the approval of the Commissioner of Education, a town may enter into an agreement with a county for the joint storage of public records in a facility located outside the town.